UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 20-22868-CV-BLOOM

JOHN DAVID WILSON, JR.,

    Petitioner,
v.

STATE OF FLORIDA, *et al.*,

    Respondent.
_____/

**ORDER**

**THIS CAUSE** is before the Court on Petitioner, John David Wilson, Jr.'s Petition under 28 U.S.C [section] 2254 for Writ of Habeas Custody by a Person in State Custody, ECF No. [1]. Petitioner challenges the constitutionality of his no contest plea to domestic violence and conviction for violation of a domestic injunction in Case No. 00-CM-002394-A, Thirteenth Judicial Circuit of Florida, Hillsborough County. *See id.* at 1–2.  Hillsborough County is located in the Middle District of Florida. *See* 28 U.S.C. § 89(b).

Review of the Petition and its supporting Memorandum of Law, ECF No. [3], suggest that most, if not all, of the potential witnesses and evidence are located in the Middle District of Florida. *See generally* ECF Nos. [1, 3]. Moreover, a petition relating to the instant proceeding was previously filed in the Middle District of Florida.  *See* ECF No. [1] 3. Therefore, the appropriate venue under 28 U.S.C. section 2241(d) is the Middle District of Florida, i.e., "the district court for the district within which the State court was held which convicted and sentenced [petitioner]." *See* 28 U.S.C. § 2241(d); *see also Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970) ("Section 2241(d) militates in favor of filing the applicant's petition in . . .  the division where the witnesses

are located, rather than . . . the division in which the applicant is confined."); *Byrd v. Martin*, 754 F.2d 963, 965 (11th Cir. 1985) (per curiam) ("The most convenient forum will often be the district in the state whose conviction is being attacked, and a transfer of the case to that district is permissible . . . ." (citations omitted)).[1]

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The case shall be **TRANSFERRED** to the Middle District of Florida.

2. The Clerk of Court shall **CLOSE** the case.

3. Petitioner's Motion for Appointment of Counsel, **ECF No. [5]**, is **DENIED** as **MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 30, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:  John David Wilson, Jr.
     T21940
     Martin Correctional Institution
     Inmate Mail/Parcels
     1150 SW Allapattah Road
     Indiantown, FL 34956
     *PRO SE*

     Noticing 2254 SAG Miami-Dade/Monroe
     Email: CrimAppMIA@MyFloridaLegal.com

---

[1] "[W]hile a district court may dismiss a suit *sua sponte* for lack of venue, it [generally] may not do so without first giving the parties an opportunity to present their views on the issue." *Algodonera De Las Cabezas, S.A. v. Am. Suisse Capital, Inc.*, 432 F.3d 1343, 1345 (11th Cir. 2005); *Westley v. Alberto*, 703 F. App'x 727, 730 (11th Cir. 2017) (per curiam) (court should give parties notice and opportunity to respond before transferring a case *sua sponte* (citing *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011))). However, where, as here, it is "obvious from the face of the petition that the interests of justice would be better served by having an application for a writ of habeas corpus heard in the district of conviction," these requirements may be inapplicable. *See Ford v. Bradt*, 71 F. Supp. 3d 364, 367 (W.D.N.Y. 2014).